**BUCHALTER**
A Professional Corporation
GARY A. WOLENSKY (SBN: 154041)
ANNE MARIE ELLIS (SBN: 223437)
JAMISON E. POWER (SBN: 261585)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Fax: (949) 720-0182
Email: gwolensky@buchalter.com

Attorneys for Defendants
SUNBEAM PRODUCTS, INC.,
JARDEN CONSUMER SOLUTIONS COMMUNITY FUND,
and TARGET CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

RODRIGO SANTOME,

Plaintiff,

vs.

SUNBEAM PRODUCTS, INC. JARDEN CONSUMER SOLUTIONS COMMUNITY FUND, INC. TARGET CORPORATION, and DOES 1-100, Inclusive,

Defendants.

Case No.

[Originally Filed in Los Angeles County Superior Court, Case No. BC643855]

**DEFENDANTS SUNBEAM PRODUCTS, INC., JARDEN CONSUMER SOLUTIONS COMMUNITY FUND, AND TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY JURISDICTION)**

Date filed: December 15, 2016

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Sunbeam Products, Inc. ("Sunbeam"), Jarden Consumer Solutions Community Fund ("Jarden Consumer Solutions"), and Target Corporation ("Target") (collectively, "Defendants") hereby remove to this Court the state action described below, pursuant to 28 U.S.C. section 1441, based on diversity jurisdiction as defined by 28 U.S.C. section 1332.

## I. BACKGROUND

1. On December 15, 2016, Plaintiff Rodrigo Santome ("Plaintiff") commenced an action against Defendants in the Superior Court of the State of California for the County of Los Angeles, entitled *Rodrigo Santome vs. Sunbeam Products, Inc., Jarden Consumer Solutions Community Fund, Inc., Target Corporation, and Does 1-100, inclusive,* Case No. BC643855. Plaintiff effected service of Summons and Complaint upon each of the Defendants on January 25, 2017. True and correct copies of the Summons served on each Defendant and Complaint are attached to the Declaration of Anne Marie Ellis (hereinafter "Ellis Dec.") as Exhibits 1–3. Accordingly, this Petition for Removal is timely filed within the thirty (30) day period for the removal of this action to this Court as required by 28 U.S.C. §1446(b).

2. This is a civil action of which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. §1332 and one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b), in that the Plaintiff and Defendants are citizens of different states. Plaintiff in this action was at the time of filing this action and still is a citizen of California. Defendant Sunbeam is a Delaware corporation with its principal place of business in Florida. Defendant Jarden Consumer Solutions is a Florida corporation with its principal place of business in Florida. Defendant Target is a Minnesota corporation with its principal place of business in Minnesota.

3. Plaintiff's Complaint is based on allegations that he sustained injuries

from an Oster, Osterizer 10 Speed Blender ("blender") allegedly manufactured and designed by Sunbeam and sold by Target. Plaintiff asserts causes of action for Negligence, Strict Liability, and Breach of Warranty against Defendants.

4. Based on Plaintiff's Statement of Damages, served with his Complaint, the amount in controversy exceeds $75,000. Plaintiff alleges personal injury as a result of the blender and, specifically, that he sustained $2,400,00.00 in damages. (*See* Request for Statement of Damages attached to Ellis Decl. as Ex. 7). Therefore, this Court has original jurisdiction under the provisions of U.S.C. § 1332 and is one which may be removed to this Court by Defendants.

5. Sunbeam Products was served with a Summons and a copy of Plaintiff's Complaint on January 25, 2017, through its designated agent for service of process, CT Corporation System. *See* Ellis Decl. ¶ 2; Ex. 1.

6. Jarden Consumer Services Community Fund, Inc. was served with a Summons and a copy of Plaintiff's Complaint on January 25, 2017, through its designated agent for service of process, CT Corporation System. *See* Ellis Decl. ¶ 3; Ex. 2.

7. Target Corporation was served with a Summons and a copy of Plaintiff's Complaint on January 25, 2017, through its designated agent for service of process, CT Corporation System. *See* Ellis Decl. ¶ 4; Ex. 3.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A. Complete Diversity of Citizenship Exists.

8. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state where he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he intends to

return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Youn Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State whether it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

9. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transport Assoc. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of the complaint or is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

10. Plaintiff was at the time of the filing of this Action, and still is, a citizen of the State of California, and in his state court filings, identified his address as [redacted], LA, CA 90035. (*See* Civil Case Cover Sheet Addendum and Statement of Location). Defendants have also located and provided a redacted Accurint people search indicating that plaintiff had a social security number issued in the state of California in 1999 and which lists the same address that is identified in the Civil Case Cover sheet from 2003–present. Both documents are attached to the Ellis Decl. as Ex 8; ¶ 13.

11. Defendant Sunbeam was at the time of the filing of this Action, and still is, incorporated in the State of Delaware with its principal place of business located at Florida. *See* Ellis. Decl. ¶ 9.

12. Defendant Jarden Consumer Solutions was and at the time of the filing

of this Action, and still is, a Florida corporation with its principal place of business located in Florida. *See* Ellis. Decl. ¶ 10.

13. Defendant Target was and at the time of the filing of this Action, and still is, a Minnesota corporation with its principal place of business located in Minnesota. *See* Ellis. Decl. ¶ 11.

14. The citizenship of Defendants Does 1 to 100 may be ignored for removal purposes. *See* 28 U.S.C. § 1441(b)(1); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.")

15. Because Plaintiff is of different citizenship than all Defendants, there is diversity of citizenship in this action proper for removal pursuant to 28 U.S.C. § 1332(a)(1), (2).

**B. <u>The Amount-in-Controversy Requirement Is Satisfied.</u>**

16. As a result of the Incident, Plaintiff seeks wage loss, hospital and medical expenses, general damage, property damage, loss of earning capacity, compensatory damages according to proof. *See* Ellis Decl. ¶ 12; Exhibit 7, Compl. ¶¶ 11–14.

17. On January 25, 2017, along with the Summons and Complaint, Plaintiff served a Statement of Damages on Defendants. *See* Ellis Decl. ¶ 12; Exhibit 7, Statement of Damages. According to the Statement of Damages, Plaintiff seeks $1 million in pain, suffering, and inconvenience, $250,000 in emotional distress, $100,000 in medical expenses to date, $250,000 in future medical expenses, $50,000 loss of earnings, and $750,000 loss of future earning capacity. Thus, pursuant to the Federal Rules of Civil Procedure, the amount in controversy exceeds $75,000, exclusive of interest and cost. *See* 28 U.S.C. § 1332(b).

## III. <u>PROCEDURAL STATEMENT</u>

18. Based upon the foregoing, all requirements for diversity jurisdiction

have been met. Defendants therefore remove this action now pending against it them in the Superior Court of California, County of Los Angeles, to this Court.

19. The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California, Western Division. Therefore, venue is proper pursuant to 28 U.S.C. section 84(c) because this is the "district and division within which such action is pending." *See* 28 U.S.C. § 1446(a).

20. This Notice of Removal has been filed within thirty (30) days of Plaintiff's service of the Complaint on January 25, 2017 of the initial pleading setting forth Plaintiff's claims for relief. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b), (c).

21. No previous Notice of Removal has been filed in this action.

22. Sunbeam filed its answer in state court on February 22, 2017. *See* Ellis Decl. ¶ 7; Ex. 5, Sunbeam's state court answer.

23. Jarden Consumer Solutions filed its answer in state court on February 22, 2017. *See* Ellis Decl. ¶ 6; Ex. 4, Jarden's state court answer.

24. Target filed its answer in state court on February 22, 2017. *See* Ellis Decl. ¶ 8; Ex. 6, Target's state court answer.

25. Pursuant to 28 U.S.C. section 1446(d), copies of each of the Summons, Plaintiff's Complaint, and all other process, pleadings, and orders served on Defendants are attached as Exhibits 1–3 to the Ellis Decl.

26. Defendants will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. § 1446(d).

27. Accordingly, all Defendants that have been properly served and joined consent to the removal of the action. *See* 28 U.S.C. § 1446(b)(2); *see also Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" to satisfy unanimity rule's

consent requirement.)

DATED: February 23, 2017

BUCHALTER
A Professional Corporation

By: */s/ Gary A. Wolensky*
GARY A. WOLENSKY
ANNE MARIE ELLIS
JAMISON E. POWER
Attorneys for Defendants
SUNBEAM PRODUCTS, INC.,
JARDEN CONSUMER SOLUTIONS
COMMUNITY FUND,
and TARGET CORPORATION