

**BUCHALTER**
A Professional Corporation
GARY A. WOLENSKY (SBN: 154041)
ANNE MARIE ELLIS (SBN: 223437)
SAMUEL Q. SCHLEIER (SBN: 312449)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Fax: (949) 720-0182
Email: gwolensky@buchalter.com

Attorneys for Defendants
SUNBEAM PRODUCTS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RODRIGO SANTOME,<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC. JARDEN CONSUMER SOLUTIONS COMMUNITY FUND, INC. TARGET CORPORATION, and DOES 1-100, Inclusive,<br><br>Defendants. | Case No.: 2:17-cv-01517-SJO (JEMx)<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**<br><br>Judge: S. James Otero<br>Magistrate: John E. McDermott |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Sunbeam Products, Inc. ("Sunbeam") and Plaintiff Rodrigo Santome ("Plaintiff"), through their respective counsel of record, agree that good cause exists for the entry of this Stipulated Protective Order and Confidentiality Agreement ("Protective Order"). Both parties anticipate that discovery in this action may require Sunbeam to disclose trade secrets or other confidential research, development, or commercial information. To that end, the Court finds that good cause exists for entry of a protective order and confidentiality agreement in the above-captioned matter to

1

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Case No. 2:17-cv-01517
STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT

prevent unauthorized disclosure and use of Sunbeam's trade secrets and other confidential information during and after the course of this litigation.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, or sales information, or any other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Protective Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

2. All material designated as Confidential pursuant to this Protective Order shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client(s) solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties,

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Case No. 2:17-cv-01517
STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT

or by Order of the Court.

3. Materials designated as Confidential pursuant to this Protective Order and the contents therein may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they receive and agree to be bound by the terms of this Protective Order, and sign and return to outside counsel the form attached hereto as Exhibit A, and provided outside counsel provide to the disclosing party all such forms executed within thirty (30) days of the conclusion of this action;

    c. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. Any deponent may be shown or examined on any information, document, or thing designated Confidential pursuant to this Protective Order if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals who prepare demonstrative and audiovisual aids for use in the courtroom, depositions, or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

3

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Case No. 2:17-cv-01517
STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

4. Material designated as Confidential pursuant to this Protective Order shall be used only by individuals permitted access to it under Paragraph 3 and solely for the prosecution or defense of this action. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless: (a) counsel for the party asserting confidentiality waives the claim of confidentiality; or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential pursuant to this Protective Order. This period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), (f) and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (f) and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order.

6. If counsel for a party receiving documents or information designated as Confidential pursuant to this Protective Order objects to such designation, the following procedure shall apply:

a. A party may make a good faith challenge to a confidentiality

designation within sixty (60) days of receipt of the document so designated. Any party wishing to challenge the Confidential designation assigned by another party or other person with respect to any material shall give written notice of such objection to counsel for the designating party.

b. The parties shall then attempt to resolve such dispute in good faith on an informal basis.

c. In the event any objection to the designation is not first resolved by informal agreement of counsel, it shall be the burden of the party challenging the designation to file the appropriate motion with the Court after counsel confer in good faith. Such a motion shall be made in accordance with Local Rules 37-1 and 37-2 and shall contain a Joint Stipulation concerning the matters in dispute. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.

d. Upon the filing of such a motion, the burden rests upon the designating party to demonstrate the propriety of such designation.

e. Until the parties or the Court resolves a challenge to the designation, the original designation shall remain in full force and effect.

f. All challenges to the propriety of a Confidential designation must be made prior to sixty (60) days before trial.

g. If a Confidential document is produced within sixty (60) days before trial, then the challenging party must challenge the designation immediately and not more than ten (10) days after the material is produced.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

7. All requests to seal documents filed with the Court shall comply with Local Civil Rule 79-5.

8. If the need arises during trial or at any hearing before the Court for any party to disclose documents or information from documents designated Confidential pursuant to this Protective Order, it may do so only after giving notice to the producing party and taking up the matter with the judicial officer conducting the proceedings at the appropriate time.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of material that should have been designated Confidential pursuant to this Protective Order, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential pursuant to this Protective Order within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential pursuant to this Protective Order.

10. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Case No. 2:17-cv-01517
STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT

notice of the inadvertent or mistaken disclosure.

11. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be protected material under this Protective Order.

12. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms. No modification by the parties shall have the force or effect of a Court Order unless the Court approves the modification.

13. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by written stipulation of the parties filed with and ordered by the Court.

14. Within thirty (30) days after conclusion of this action, each party or other individual subject to the terms hereof shall assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material, including but not limited to all copies of excerpts, summaries, and digests revealing Confidential information. Each party, within thirty (30) days after conclusion of this action, shall also sign and provide to the designating party a sworn attestation affirming said return of all materials designated Confidential pursuant to this Protective Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

///

///

BUCHALTER
A Professional Corporation
Irvine

7

Case No. 2:17-cv-01517
STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT

15. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**IT IS SO ORDERED**, this ___15th___ day of ___September___, 2017.

_____
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

## STIPULATION

**IT IS HEREBY STIPULATED** by and among the parties, through their respective counsel, this Honorable Court consent, that the foregoing Stipulated Protective Order and Confidentiality Agreement may be entered in this action.

DATED: September 14, 2017      **BUCHALTER**
A Professional Corporation

By: _____
GARY A. WOLENSKY
ANNE MARIE ELLIS
SAMUEL Q. SCHLEIER
Attorneys for Defendants
SUNBEAM PRODUCTS, INC.,

DATED: September 12, 2017      **LAW OFFICES OF BRIAN NELSON**
A Professional Corporation

By: _____
BRIAN S. NELSON
Attorneys for Plaintiff
RODRIGO SANTOME

# Exhibit A

I, _____, attest to my understanding that Confidential information that I have obtained from _____, was produced to me in connection with *Santome v. Sunbeam Products, Inc., et al.*, Case No. 2:17-cv-01517 ("Santome Litigation"), which is pending in the United States District Court, Central District of California, Western Division. I understand all such information is disclosed to me pursuant to the terms and conditions of the Stipulated Protective Order and Confidentiality entered in that case on _____, 2017 ("Protective Order"). I further attest that I have been given a copy of and have read that Protective Order, I have had it explained to me by counsel, and I agree to be bound by that Protective Order and its terms.

I further agree that I shall not disclose to others not involved in the Santome Litigation any Confidential information, as that term is described in the Protective Order, that I will return all Confidential information to the attorney from whom I received it at the conclusion of the Santome Litigation, and that my obligations concerning the confidentiality of the Confidential materials I receive will continue even after the conclusion of the Santome Litigation. I further agree and acknowledge my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions.

I declare under penalty of perjury under the laws of the United States of America that these statements are true and correct.

Executed this ____ day of _____, 20__ at _____.

_____
[Signature above] Name:

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE